IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

        Plaintiff,                    No. CIV S-11-2317 KJM GGH P

   vs.

M.C. HOMMER, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 on August 31, 2011.  However plaintiff did not file an application to proceed in forma pauperis or pay the required filing fee, so on September 27, 2011, the undersigned ordered a copy of the in forma pauperis application to be sent to plaintiff and provided plaintiff thirty days to return the completed application.  Plaintiff has not submitted an application to proceed in forma pauperis but did file a motion for an emergency transfer and a motion to stay the proceedings.[1]  As there is no operative complaint, no defendants have been served.

        Federal law requires that a filing fee be paid for the commencement of a civil action, 28 U.S.C. § 1914, and if one cannot afford to pay the fee, one seeks permission to file *in*

---

[1] Plaintiff apparently filed the same motions in his other cases in this court including No. CIV S-09-2602 LKK GGH, which is also before the undersigned.

1

*forma pauperis*. While not jurisdictional prerequisites for the maintenance of a suit in federal court, neither are the statutes to be ignored – the statutes remain requirements except in extraordinary situations. Casanova v. Dubois, 304 F.3d 75, 80 (1st Cir. 2002) (not jurisdictional but the requirement derives from federal statutes and local rules). E.D. Cal. Local Rule 121 mandates that the Clerk shall collect fees before processing a case (unless otherwise IFP). Especially in light of plaintiff's stated inability to keep up with his heavy caseload, the court exercises its discretion not to proceed further with this lawsuit because of the non-payment of fees or the filing of an IFP application.

With respect to the motion to stay, plaintiff seeks to stay the case as he is having difficulty litigating his various cases. A stay is not appropriate in this situation as there is no appreciable end date for the stay, and the non-appearing defendants may well be prejudiced by undue delay. As this case has only just commenced, the undersigned will recommend that it be dismissed without prejudice, as it appears from plaintiff's filings that he is unable to continue at this time, but plaintiff may re-file this case at a future date. If plaintiff wishes to proceed now with this case he may indicate so in objections and must also file an application to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions (Docs. 7, 8) be denied;

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\\

1 advised that failure to file objections within the specified time may waive the right to appeal the

2 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: October 19, 2011

        /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH: AB  
beny2317.ord