IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

       Plaintiff,                             No. CIV S-11-2317 KJM GGH P

     vs.

M.C. HOMMER, et al.,                         <u>ORDER</u> &

       Defendants.                      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 on August 31, 2011. However plaintiff did not file an application to proceed in forma pauperis or pay the required filing fee, so on September 27, 2011, the undersigned ordered a copy of the in forma pauperis application to be sent to plaintiff and provided plaintiff thirty days to return the completed application.

        On October 6, 2011, plaintiff filed a motion for an emergency transfer and on October 12, 2011, plaintiff filed a motion to stay because he was having difficulty litigating all of his cases. On October 20, 2011, the undersigned issued findings and recommendations that this case be dismissed without prejudice as plaintiff did not appear able to currently litigate the case and noting the case had not even been screened and no in forma pauperis application had

1

been filed. The undersigned noted that should plaintiff want to litigate the case now, he should indicate so in objections. Plaintiff has filed an application to proceed in forma pauperis and indicated that he now wishes to proceed with this action. Therefore, the findings and recommendations will be vacated and the undersigned will review plaintiff's application to proceed in forma pauperis.

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). However, Adepegba qualifies that insofar as affirmance only finds no error at district court level,

///

///

2

affirmance should not count as separate strike.[1]  Id., at 387.  On the other hand, when the appeal is frivolous on a separate ground, then the appeal dismissal is also a strike.  Id. at 388.  See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike).

In a recent case, Silva v. Di Vittorio, __F.3d__, 2011 WL 4436248 (9th Cir. 2011), the Ninth Circuit held that a district court strike was not final until an appeal had been resolved.

The undersigned first notes that plaintiff has filed 24 cases since 2003.[2]  The court also takes judicial notice of the national pro se "three strikes" database, and two cases therein are listed for plaintiff: Benyamini v. Anderson, et al., 1:07-cv-01596 OWW GSA P, dismissed for failure to state a claim on May 13, 2009,[3] and Benyamini v. Simpson, et al., 2:08-01552 GEB DAD P, dismissed on July 8, 2009, for failure to state a claim.[4]  The undersigned also takes judicial notice of Benyamini v. Kretch, et al., 2:09-cv-00170 GEB DAD P.  In that case, the court dismissed the complaint with leave to amend in thirty days, noting that it was "unable to determine whether the current action is frivolous or fails to state a claim for relief."  See Order, filed on January 28, 2009 (docket # 4), pp. 4, 6.  Thereafter, by Order filed on August 25, 2009, in 2:09-cv-00170 GEB DAD P, the case was dismissed without prejudice, for failure to

---

[1] It also follows that an appellate court reversal would nullify a strike.  Adepegba v. Hammons, 103 F.3d at 387.

[2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[3] This case was dismissed with prejudice.  Plaintiff's original complaint had been dismissed "for failure to state any claims upon which relief may be granted"; he had been granted multiple extensions of time to amend, cautioned that failure to file an amended complaint would result in a dismissal with prejudice, and did not file an amended complaint.  See docket # 24 of Case No. 1:07-cv-01596-OWW GSA PC.

[4] In this case, defendants' motion to dismiss plaintiff's case for failure to state a claim was granted; the motion remained unopposed even after plaintiff had been permitted five months to oppose it.  See docket # 30 and #34 of Case No. 2:08-01552 GEB DAD P.

1  prosecute, pursuant to Local Rule 11-110 and Fed. R. Civ. P. 41(b)[5], when plaintiff failed to file
2  an amended complaint, notwithstanding having been granted at least an additional one hundred
3  and twenty days to do so.[6]  As the basis for the third strike, undersigned notes that in <u>Peralta v.
4  Martel</u>, 2010 WL 2629060 *5 (E.D. Cal. 2010); 2:08-cv-00530 HWG, that although a prior
5  action had been dismissed without prejudice for failure to prosecute after plaintiff's first
6  amended complaint had been dismissed with leave to amend, plaintiff having failed to file a
7  further amended complaint, the district judge determined the earlier dismissal of the complaint
8  for failure to state a claim counted as a strike under 1915(g) because the earlier court's reasoning
9  that the first amended complaint failed to state a claim constituted "a fully sufficient condition
10 for dismissing plaintiff's complaint."  <u>Peralta v. Martel</u>, 2010 WL 2629060 *5, *6.  On that
11 basis, the undersigned finds that, analogously, <u>Benyamini v. Kretch, et al.</u>, 2:09-cv-00170 GEB
12 DAD P, constitutes a third strike for the instant plaintiff, pursuant to 28 U.S.C. § 1915(g).  The
13 undersigned also notes that no appeals are pending in the above cited cases and the time to file
14 appeals has passed.[7]

15      Nor is the instant case subject to the exception for plaintiff subject to "imminent
16 danger of serious physical injury".  28 U.S.C. § 1915(g).  Plaintiff filed the instant action on
17 August 31, 2011, alleging that from July 31, 2007, to September 2, 2007, he was placed in
18 Administrative Segregation, for his own protection, but did not receive enough outside yard
19 time.  As these events occurred more than four years ago, for a brief period of time, plaintiff is

---

[5] Fed. R. Civ. P. 41(b) permits involuntary dismissal for plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure or with a court order.  L. R. 11-110 (now, L.R. 110) permits the imposition "of any and all sanctions authorized by statute or Rule or within the inherent power of the Court" for the failure of counsel or a party to comply with the Local Rules on any court order.

[6] See <u>Orders</u> at docket # 8, #12 and # 16 in <u>Benyamini v. Kretch, et al.</u>, 2:09-cv-00170 GEB DAD P.

[7] The undersigned notes that in two of plaintiff's "strikes," he attempted to reopen the case to file an appeal either one or two years after judgment was entered.  Those attempts were denied.

not in imminent danger. The undersigned will defer ruling on the motion for emergency transfer (docket # 7), as there is still not a viable complaint.

In accordance with the above, IT IS HEREBY ORDERED that the October 20, 2011, findings and recommendations (docket # 10) is vacated.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to stay (docket # 8) be denied as plaintiff has stated he wishes to proceed with this action;

2. Plaintiff's in forma pauperis application (docket # 9) be denied for the reasons set forth above and plaintiff shall pay the filing fee in full within 28 days, if these findings and recommendations are adopted, failing which, the case be ordered dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 22, 2011

   /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH: AB  
beny2317.ord2

5