IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

     Plaintiff,                            No. 2:11-cv-2317 KJM AC P

     vs.

M.C. HOMMER, et al.,

     Defendants.                       ORDER

_____/

         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion for an investigation and for stay of proceedings (ECF No. 19).

         For the reasons set forth below, the court will dismiss the complaint with leave to amend, and deny plaintiff's motion for an investigation and for a stay.

<u>MOTION TO PROCEED IN FORMA PAUPERIS</u>

         On September 21, 2012, the district judge granted plaintiff's motion to proceed in forma pauperis. See ECF No. 21. While plaintiff was incarcerated when this action was filed (see ECF No. 1), he has since been released. See ECF No. 19. As plaintiff is no longer a

1

"prisoner," as that term is defined in 28 U.S.C. § 1915(h), the court is not required to assess an initial filing fee, and to collect the full amount of the filing fee, as directed in 28 U.S.C. § 1915(b). See Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir. 1993) (district courts enjoy wide discretion in deciding whether a partial fee is fair and appropriate in a particular case). Instead, plaintiff has now been granted permission to proceed in forma pauperis, and may proceed without prepayment of fees or security therefore, as authorized under 28 U.S.C. § 1915(a)(1).

## SCREENING THE COMPLAINT

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130–31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n. 7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

Finally, a federal court has an independent duty to assess whether federal subject

matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A–Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction.  See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

### Summary of the Complaint

Plaintiff's allegations, in their entirety, are that:

> [f]rom the period of 7-31-07 through 9-2-07 I was locked up against my free will in administrative segregation for my own safety as informants stated they where [sic] going to retaliate against me for "putting my hands on my celly." I indured [sic] a number of harrassments from all staff in Ad/Seg. Every 602 I sent was purposely [sic] screened out by a CCII "O" Brian whome [sic] is now LT. "O" Brian who me had waterboardd [sic], beaten me and accused me of trying to break his leg back in 2005 at C.M.F.-Vacaville when he was a correctional officer not an LT.  This making the LT. "O" Brian accessory to institutional sadistic and malicious cowardly, hypocratic [sic] torture punishable by 15 to life in prison. At Committee Captn Doe was residing, Srgt. Doe was residing, LT. Doe was residing, and I begged repeatedly that I was getting any yard at all and am losing my mind, I am claustrophobic, "have disability and need to shave," which only takes place at yard" they told me that they were having cages built and I cannot get yard's with others, because of security reasons.  I begged and begged.  I also begged the facility Lt. Doe and the Ag/Seg Srgt. Does 1, 2, 3 every opportunity I seen them and had sent 602 appeals over and over with no result "nowingly [sic] and deliberately denying me yard.  I also sent requests to them all telling them what was going on and no change.  I aske [sic] CO. Does 1, 2, 3 every opportunity I got for some yard time and asked when will it be my turn since I seen other people going out to yard an I in a 30+ day period got a single 1 hr. yard time [illegible] the excuse that they didn't have the [illegible] cages built.  I feel

|   |   |
|---|---|
| 1 | this was more than the cages not being built including by C.O. MC. Hommer and due to the wars in the middle east and my middle eastern roots.  Clearly I was prejudiced by all LT. John Doe 2, Captain Doe, Srgt. Does 1, 2, 3 and LT. "O"Brian at time appeals coordinator, warden at time J. Walker, C.O. M.C. Hammer. I begged in every fashion was and form and received only one hour of yard time when was as other inmates to get at least 10 hours a single week. |

ECF No. 1 at 11-12.

Analysis

The complaint will be dismissed with leave to amend.

***Some of Plaintiff's Claims are Barred by the Statute of Limitations***

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions.  Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000) (citing Wilson v. Garcia, 471 U.S. 261, 275 (1985)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000).  In California, there is a two-year statute of limitations in § 1983 cases.  See Cal. Code Civ. Proc.§ 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004), cert. denied, 544 U.S. 968 (2005); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 546 U.S. 820 (2005) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law.  See Fink, 192 F.3d at 914; Hardin v. Straub, 490 U.S. 536, 537-39 (1989); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988).  Pursuant to Cal. Code Civ. Proc. § 352.1(a), a prisoner serving a term of less than life is entitled to the two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action.  Fink, 192 F.3d at 914.

In this case, plaintiff's complaint was constructively filed on August 25, 2011. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (mailbox rule applies to § 1983 suits filed by pro se prisoners).  Any claims which arose before August 25, 2007 are therefore time-barred.  Because plaintiff generally describes events that took place between July 1, 2007 and

September 2, 2007, it is currently not clear which, if any, of the allegedly unconstitutional acts occurred between August 25, 2007 and September 2, 2007. Plaintiff will be granted leave to amend in order to describe his claims more precisely.

### *Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted*

<u>Causal Connection between Deprivation and Act or Omission of Defendants</u>

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 376 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

> The Ninth Circuit has held that a supervisor may be liable
>     if there exists either (1) his or her personal involvement in the

1
2
3
4

> constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." (internal citations and quotations omitted).

5   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

6   The Ninth Circuit has recently clarified the parameters of supervisor liability in

7   the wake of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Starr v. Baca, 652 F.3d 1202 (9th Cir.

8   2011):

9
10
11
12
13
14
15
16

> Iqbal makes crystal clear that constitutional tort claims against supervisory defendants turn on the requirements of the particular claim – and, more specifically, on the state of mind required by the particular claim – not on a generally applicable concept of supervisory liability....[B]ecause Eighth Amendment claims for cruel and unusual punishment generally require only deliberate indifference (not specific intent), a Sheriff is liable for prisoner abuse perpetrated by his subordinates if he knowingly turns a blind eye to the abuse. See [Starr v. Baca, 652 F.3d] at 1205. The Sheriff need not act with the purpose that the prisoner be abused. See id. at 1206-07 ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement – and the liability – of that supervisor.") Put simply, constitutional tort liability after Iqbal depends primarily on the requisite mental state for the violation alleged.

17   OSU Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

18       Outdoor Exercise

19   An Eighth Amendment claim that a prison official has deprived inmates of

20   humane conditions must meet two requirements, one objective and one subjective. Lopez, 203

21   F.3d at 1132-33, quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.), cert. denied, 514 U.S.

22   1065 (1995). Under the objective requirement, the prison official's acts or omissions must

23   deprive an inmate of the minimal civilized measure of life's necessities. Id. The subjective

24   requirement, relating to defendant's state of mind, requires deliberate indifference. Id.

25   Although exercise is "one of the basic human necessities protected by the Eighth

26   Amendment," a temporary denial of outdoor exercise with no medical effects is not a substantial

7

deprivation. Cf. May v. Baldwin, 109 F.3d 557, 565-66 (9th Cir.), cert. denied, 522 U.S. 921 (1997) (citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993)), with Allen v. Sakai, 48 F.3d at 1088 (allegation that prisoner received only 45 minutes of exercise per week over six week period was sufficient to meet objective standard); Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (concluding that the deprivation of outdoor exercise for a "period of years" contravenes the Eighth Amendment).

### Racial Discrimination

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners are also protected by the Equal Protection Clause from intentional discrimination based upon their religion. See, e.g., Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).

### Retaliation

The Ninth Circuit recently reiterated the five elements of a retaliation claim, specifying what a plaintiff must allege in order to defeat a motion to dismiss for failure to state a claim:

> First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim [v. Cry], 584 F.3d [1262], at 1270 [9th Cir. 2009)].
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment

8

> activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the claim at the motion to dismiss stage.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of the institution." Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

The complaint will be dismissed with leave to amend, as it is currently vague and conclusory and its allegations are insufficient to support relief. See Iqbal, 556 U.S. at 678 (federal pleading standard "does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-harmed me accusation.'"); Twombly, 550 U.S. at 555-557 (complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

In this case, plaintiff has alleged that he received only one hour of yard time in a one-month period. However, his only reference to defendants Walker, Hammer, and O'Brian ("Clearly I was prejudiced. . . .") does not explain how the named defendants were personally involved in depriving plaintiff of exercise, or if there was some other causal link between the deprivation and some act or omission by the named defendants.

Additionally, plaintiff fails to substantiate his bare allegation that he was deprived of exercise because he is Middle Eastern. Plaintiff does not plead any *facts* which would suggest that defendants acted with discriminatory intent. Plaintiff additionally fails to allege how the other inmates who were allowed onto the yard were "similarly situated," or why the treatment of other prisoners was not rationally related to a legitimate state purpose.

Lastly, plaintiff appears to allege that defendant O'Brian retaliated against

9

plaintiff when O'Brian screened out plaintiff's appeals, apparently based on incidents which occurred at another prison in 2005. The current complaint, however, is vague. For example, plaintiff has failed to plead that defendant's actions had a chilling effect, or that plaintiff has suffered some other "more than minimal" harm; nor has he pled that there was no legitimate penalogical purpose for defendant's actions, or that defendant's actions were somehow arbitrary and capricious. Plaintiff is granted leave to amend to supplement this challenge, if he chooses, in light of the authority cited above.

## MOTION FOR INVESTIGATION AND STAY OF PROCEEDINGS

Plaintiff has filed a letter with the court which describes the movement of his personal property during his various transfers, and also advises that he is now paroled. ECF No. 19. He asks for an investigation into the movement and/or disappearance of his personal property, and also for a stay of all of his pending cases. Id. Because plaintiff's requests do not reach the merits of his underlying complaint, they may be resolved by order issued by the magistrate judge. See 28 U.S.C. § 636(b)(1)(A);. See, e.g., Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992) (magistrate lacked authority to enter stay of action which was, in effect, involuntary dismissal); cf. United States Metals Roofing Co., 771 F.2d 796, 801 (3d Cir. 1985) (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action).

### *Plaintiff's Request for an Investigation*

Plaintiff seeks an investigation into the whereabouts of his personal papers. He describes how the papers have been moved to follow plaintiff at different institutions, and also appears to claim that his opposition to a pending summary judgment motion (in an unidentified case) was among the vagrant property. Plaintiff posits: "How is this going on? Well let your honor now and please make a court order directing full investigation." See ECF No. 19.

The court will not order an investigation into the current location of plaintiff's

papers. Among other reasons, it is not clear from plaintiff's letter what, exactly is missing, what plaintiff has done to retrieve the property, and whether the property has since been returned. To the extent plaintiff seeks documents which he needs for prosecution of this action, the court can address any issues still outstanding during the discovery period. To the extent plaintiff seeks missing documents for another action, he must raise his claims in that other action.

In addition, plaintiff has a remedy under state law if he feels that he has been deprived of a property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official. See Cal. Gov't Code §§ 810 et seq. See also Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see also Hudson v. Palmer, 468 U.S. 517, 533 (1984) (prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy).

### *Plaintiff's Request for a Stay of Proceedings*

Plaintiff also asks for a stay of all his pending cases. This order will address plaintiff's request for a stay of this action only.

At the time plaintiff filed his request, there were no pending deadlines with which plaintiff was to comply. The court has now screened the complaint, and if plaintiff wishes to proceed he may comply with the court's schedule. If plaintiff needs additional time to comply with upcoming deadlines, he may seek extensions as needed. The court is not inclined to hold the action in abeyance indefinitely, especially where plaintiff has provided no reason why the court should do so. Cf. Fed. R. Civ. P. 6(b) (court may extend time to comply with deadline upon showing of good cause).

### CONCLUSION

Plaintiff's request for an investigation and a stay of proceedings (ECF No. 19) will be denied. Plaintiff's complaint (ECF No. 1) will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. at 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), rev'd on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an investigation and for stay of proceedings (ECF No. 19) is denied;

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 18, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/beny2317.B