UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>   Plaintiff,<br><br>   v.<br><br>M.C. HAMMER, et al.,<br><br>   Defendants. | No.  2:11-cv-2317 TLN AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  On November 22, 2011, the previously assigned magistrate judge recommended that petitioner be denied in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  ECF No. 12.  The previously assigned district judge declined to adopt the recommendation, and granted plaintiff in forma pauperis status.  ECF No. 21.  Now before the court is defendant's motion to revoke that status.  ECF No. 44.  Plaintiff opposes the motion.  ECF No. 45.

   I. Standards Governing Revocation of IFP Status

   28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

>detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

A dismissal must be final before it counts as a 'strike' for § 1915(g) purposes. Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011). A dismissal "ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

////

////

II. Prior Proceedings and Law of the Case

The issue of plaintiff's status as a "three striker" was first raised sua sponte by the magistrate judge previously assigned to this case. ECF No. 12. Upon review of the Findings and Recommendations, U.S. District Judge Kimberly Mueller found that two of the prior dismissals on which the magistrate judge relied did constitute strikes, but that the third did not. Specifically, Judge Mueller adopted Magistrate Judge Hollows' finding that the following two cases constitute strikes within the meaning of 28 U.S.C. § 1915(g): Benyamini v. Anderson,1:07-cv-1596 OWW GSA PC (dismissed with prejudice on May 13, 2009 for failure to state a claim), and Benyamini v. Simpson, 2:08-cv-1552 GEB DAD P (dismissed by order filed July 8, 2009, adopting findings and recommendations that the case be dismissed for failure to state a claim). ECF No. 21 at 2; see also ECF No. 12 at 3.

Judge Muller found that Benyamini v. Kretch, et al., 09-cv-00170 GEB-DAD P, does not constitute a strike. ECF No. 21 at 2. The complaint in Kretch had been dismissed with leave to amend because the allegations were "'so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim.'" Id. at 2-3 (quoting 2:09-cv-00170 GEB DAD P, Order, ECF-4, pp. 4-6). Judge Mueller ruled that Kretch does not constitute a third strike because it was ultimately dismissed for failure to prosecute when plaintiff failed to file an amended complaint. It does not count as a strike because the dismissal did not "affirmatively find the complaint was either frivolous or failed to state a claim; rather, that case notes that the complaint was so vague and conclusory that the court was unable to perform its threshold gatekeeping function." ECF No. 21 at 3.

Judge Muller's rulings regarding the three prior cases cited above constitute the law of the case, and should not be reexamined absent circumstances not present here. See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001) ("Under the law-of-the-case doctrine, a court will not reexamine an issue previously decided by the same or higher court in the same case."); Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993) (district court abuses its discretion when it departs from the law-of-the-case doctrine absent clear error, intervening change of law, substantially different evidence, other changed circumstances, or

3

manifest injustice).

### III. Defendant's Motion To Revoke IFP Status

Defendants argue that plaintiff's IFP status should be revoked because the following three actions have previously been dismissed as frivolous or for failing to state a claim:

- Benyamini v. Anderson, 1:07-cv-1596 OWW GSA PC;
- Benyamini v. Simpson, 2:08-cv-1552 GEB DAD P;
- Benyamini v. Rivers, 2:09-cv-0075 JAM KJM P.

ECF No. 44-1 at 3-4.

The first two of these cases have previously been found to constitute strikes, and plaintiff's opposition provides no basis to deviate from the law of the case. See Thomas, 983 F.2d at 155. Accordingly, the present motion turns on the question whether Benyamini v. Rivers, 2:09-cv-0075 JAM KJM P, was dismissed on grounds that it was frivolous, malicious or failed to state a claim. The undersigned takes judicial notice of the docket in that case.[1]

In Rivers, the complaint was initially dismissed with leave to amend because the allegations were too vague and conclusory to state a claim. 2:09-cv-0075 JAM KJM P, ECF No. 11. When plaintiff failed to amend and the magistrate judge therefore recommended dismissal without prejudice, plaintiff objected and was granted an additional thirty days to file an amended complaint. Id. at ECF No. 16. Plaintiff thereafter requested appointment of counsel or, in the alternative, dismissal without prejudice. The district judge denied appointment of counsel "because the facts identified by plaintiff in his original complaint fail to state a claim upon which relief can be granted and it is doubtful that plaintiff could state a claim with additional facts or clarification." The district judge dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(a). Id. at ECF No. 19.

Because Rivers was expressly dismissed under Rule 41(a), it constitutes a voluntary dismissal by plaintiff and not an involuntary dismissal as frivolous, malicious, or for failure to

---

[1] It is well established that a court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

1  state a claim. For this reason, Rivers has been held not to constitute a strike under § 1915(g) in at
2  least one other case in this district. See Benyamini v. Mendoza, No. 2:09-cv-2602 LKK AC P,
3  ECF No. 106 (Findings and Recommendations) at 8, ECF No. 119 (Order adopting Findings and
4  Recommendations). Having carefully evaluated the order dismissing Rivers, the undersigned
5  agrees that the action was dismissed at plaintiff's request pursuant to Rule 41(a) and not because
6  of a determination that it was frivolous, malicious, or failed to state a claim. The district judge's
7  skepticism regarding plaintiff's ability to state a claim was articulated as a reason for denying the
8  appointment of counsel, not as grounds for dismissal. Accordingly, Rivers does not constitute a
9  strike.

10  Because only two of the three prior cases presented by defendants in support of their
11  motion constitute strikes, the motion fails.

12  Defendants also argue in a single cursory paragraph that this court should revoke
13  plaintiff's IFP status in this case because his IFP status was revoked in Mendoza, supra. ECF No.
14  44-1 at 3. As previously noted, the Mendoza defendants had unsuccessfully proffered Rivers as a
15  strike. Defendants' reliance on Mendoza here is therefore puzzling as well as unavailing.

16  In Mendoza, the court found that Anderson and Simpson constituted strikes, that Rivers
17  did not, and relied on a third case that defendants have *not* forwarded here: Benyamini v.
18  Ogebeide, No. 10-0101 KJM AC P.[2] See No. 2:09-cv-2602 LKK AC P, ECF No. 106 at 5-6, 8.
19  Even if the undersigned were to consider Ogebeide as a proffered basis for the present motion to
20  revoke, it would not help defendants. Mendoza found that Ogebeide supported the three-strikes
21  bar based on Findings and Recommendations filed in that case on May 23, 2011and adopted on
22  March 11, 2012. See id. at 6.[3] Because Ogebeide was dismissed after the present case was filed,

---

[2] In support of the present motion, defendants submit (and seek judicial notice of) the dockets and orders of dismissals in Benyamini v. Anderson, supra; Benyamini v. Simpson, supra; and Benyamini v. Rivers, supra; as well as the Findings and Recommendations and Order revoking IFP status in Mendoza, supra. They do not submit or discuss the order of dismissal in Benyamini v. Ogebeide, supra, on which the Mendoza court relied. See ECF No. 44-2 (Request for Judicial Notice) and exhibits cited therein.

[3] The court notes that Ogebeide itself was not dismissed as frivolous or malicious or for failure to state a claim. It was dismissed for failure to pay the filing fee after a ruling that IFP status was (continued…)

5

1   it cannot constitute a strike in relation to this case.[4]  Moreover, the district judge in Ogebeide

2   subsequently reconsidered the three-strikes order on which the court relied in Mendoza.  In

3   Ogebeide as in this case, Judge Mueller ultimately concluded that Benyamini v. Kretch, supra,

4   does not constitute a strike because it was dismissed under Rule 41(a).[5]  For both reasons, neither

5   Ogebeide nor Mendoza supports defendants' position.

6         Because defendants have established the existence of only two strikes prior to the filing of

7   the instant action, they have not met their burden under § 1915(g).  See Andrews v. King, 398

8   F.3d at 1120.

9         Accordingly, IT IS RECOMMENDED that:

10        1.  Defendants' motion to revoke plaintiff's in forma pauperis status, ECF No. 44, be

11  denied; and

12        2.  In any Order adopting these findings and recommendations, defendants be directed to

13  file their response to the first amended complaint within twenty-one days.

14        These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within fourteen days after service of the objections.  The parties are

20  ////

21  ////

22

---

precluded under the three-strikes rule.  That conclusion was subsequently reconsidered, as explained above.

[4] This action was commenced when plaintiff submitted a complaint dated August 25, 2011 that was docketed on August 31, 2011. ECF No. 1.  The plain language of § 1915(g) requires that the dismissal of three actions as frivolous, malicious or for failing to state a claim bars a prisoner from proceeding in forma pauperis if the dismissals occurred *prior* to the filing of the action at issue.

[5] Judge Mueller's prior order in the present case, ECF No. 21, was also filed in Ogebeide.  See Case No. 10-cv-0101 KJM AC P, ECF No. 59.

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Courts order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 23, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE