1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT BENYAMINI,                         No.  2:11-cv-02317 TLN AC P

12              Plaintiff,

13       v.                                      DISCOVERY AND

14    O'BRIAN, et al.,                           SCHEDULING ORDER

15              Defendants.

16

17        Defendants J. Hanson, M.C. Hammer, D. Leiber, D. Bauer, C. Reynolds, J. Walker, and

18    I. O'Brian have answered the first amended complaint.  Pursuant to Federal Rules of Civil

19    Procedure 1, 16, and 26-36, discovery shall proceed in accordance with paragraphs 1-5 of this

20    order.  In addition, the court will set a schedule for this litigation.

21        Should this matter proceed to trial the court will, by subsequent order, require the parties

22    to file pretrial statements.  In addition to the matters required to be addressed in the pretrial

23    statement in accordance with Local Rule 281, plaintiff will be required to make a particularized

24    showing in the pretrial statement in order to obtain the attendance of witnesses at trial.  Plaintiff is

25    advised that failure to comply with the procedures set forth below may result in the preclusion of

26    any and all witnesses named in the pretrial statement.

27        At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each

28    of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of

1

1   trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility

2   to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits

3   or witness testimony.  If the plaintiff wants to call witnesses to testify, plaintiff must follow

4   certain procedures to ensure that the witnesses will be at the trial and available to testify.

5          I.        Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to

6                    Testify Voluntarily

7          An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

8   come to court unless this court orders the warden or other custodian to permit the witness to be

9   transported to court.  This court will not issue such an order unless it is satisfied that:

10                  1.   The prospective witness is willing to attend;

11                  and

12                  2.  The prospective witness has actual knowledge of relevant facts.

13         With the pretrial statement, a party intending to introduce the testimony of incarcerated

14  witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for

15  a court order requiring that such witnesses be brought to court at the time of trial.  The motion

16  must:

17                  1.  State the name, CDC Identification number, and address of each such witness;

18                  and

19                  2.  Be accompanied by affidavits showing that each witness is willing to testify

20                  and that each witness has actual knowledge of relevant facts.

21         The willingness of the prospective witness can be shown in one of two ways:

22                  1.  The party can swear by affidavit that the prospective witness has informed the

23                  party that he or she is willing to testify voluntarily without being subpoenaed.  The

24                  party must state in the affidavit when and where the prospective witness informed

25                  the party of this willingness;

26                  Or

27                  2.  The party can serve and file an affidavit sworn to by the prospective witness, in

28                  which the witness states that he or she is willing to testify without being

2

1  subpoenaed.

2  The prospective witness' actual knowledge of relevant facts can be shown in one of two

3  ways:

4  1. The party can swear by affidavit that the prospective witness has actual

5  knowledge.  However, this can be done only if the party has actual firsthand

6  knowledge that the prospective witness was an eyewitness or an ear-witness to the

7  relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at

8  the time, the plaintiff saw that a cellmate was present and observed the incident,

9  the plaintiff may swear to the cellmate's ability to testify.

10  Or

11  2. The party can serve and file an affidavit sworn to by the prospective witness in

12  which the witness describes the relevant facts to which the prospective witness

13  was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the

14  prospective witness, it must be specific about what the incident was, when and

15  where it occurred, who was present, and how the prospective witness happened to

16  be in a position to see or to hear what occurred at the time it occurred.

17  The court will review and rule on the motion for attendance of incarcerated witnesses,

18  specifying which prospective witnesses must be brought to court.  Subsequently, the court will

19  issue the order necessary to cause the witness' custodian to bring the witness to court.

20  II.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to

21  Testify Voluntarily

22  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify

23  voluntarily, the party should submit with the pretrial statement a motion for the attendance of

24  such witnesses.  Such motion should be in the form described above.  In addition, the party must

25  indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

26  III.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

27  Testify Voluntarily

28  It is the responsibility of the party who has secured an unincarcerated witness' voluntary

3

1   attendance to notify the witness of the time and date of trial.  No action need be sought or

2   obtained from the court.

3              IV.       Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

4                        Testify Voluntarily

5         If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not

6   earlier than four weeks and not later than two weeks before trial, the party must prepare and

7   submit to the United States Marshal a subpoena for service by the Marshal upon the witness.

8   (Blank subpoena forms may be obtained from the Clerk of the Court).  Also, the party seeking the

9   witness' presence must tender an appropriate sum of money to the witness through the United

10  States Marshal.  In the case of an unincarcerated witness, the appropriate sum of money is the

11  daily witness fee of $40.00 plus the witness' travel expenses.

12        A subpoena will not be served by the United States Marshal upon an unincarcerated

13  witness unless the subpoena is accompanied by a money order made payable to the witness for

14  the full amount of the witness' travel expenses plus the daily witness fee of $40.00.  As noted

15  earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

16  tendering of witness fees and travel expenses is required even if the party was granted leave to

17  proceed in forma pauperis.

18        Good cause appearing, IT IS HEREBY ORDERED that:

19        1.  Discovery requests shall be served by the party seeking the discovery on all parties to

20  the action.[1]  Discovery requests shall not be filed with the court except when required by Local

21  Rules 250.1, 250.2, 250.3 and 250.4.

22        2.  Responses to written discovery requests shall be due forty-five days after the request is

23  served.

24        3.  The parties are cautioned that filing of discovery requests or responses, except as

25  required by rule of court, may result in an order of sanctions, including, but not limited to, a

26  recommendation that the action be dismissed or the answer stricken.

27  _____

28  [1] If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant.  See Fed. R. Civ. P. 5(b).

4. Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose, either in person or by videoconference, plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

5. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 251 shall not apply.  Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

6. The parties may conduct discovery until January 6, 2015.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date (November 7, 2014).

7. All pretrial motions, except motions to compel discovery, shall be filed on or before April 6, 2015.  Motions shall be briefed in accordance with paragraph 8 of this court's order filed March 24, 2014.

8. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

DATED: July 28, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5