UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:11-cv-02317 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| O'BRIAN, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.

I.   Background

On June 27, 2014 this court issued an order to show cause requiring plaintiff to demonstrate why defendants Juan, Lopez, Reid, and Anderson should not be dismissed without prejudice for failure to timely effect service of process and failure to follow court orders. ECF No. 55. Plaintiff filed a response on July 17, 2014. ECF No. 57. In the response plaintiff focuses on the liability of these defendants for the civil rights violations alleged in his complaint, but he completely fails to describe what efforts he has made to locate further identifying information such as the first initials or badge numbers of these defendants. ECF No. 57 at 1-2. Plaintiff also alleges that the "CDCR is not telling the truth about the whereabouts of the defendants in question on the day in question." Id. at 2.

II. <u>Analysis</u>

Service of process must be completed within 120 days after the filing date of the complaint. Fed. R. Civ. P. 4(m). If plaintiff fails to timely effect service of process, the court may either dismiss the action without prejudice as to that defendant or direct such service to be effected within a specified time. <u>Id.</u> If the plaintiff shows good cause for the failure, the court must extend the time for service. <u>Id.</u> Absent a showing of good cause, it is within the court's discretion whether or not to extend time or dismiss the action without prejudice. <u>United States v. 2,164 Watches</u>, 366 F.3d 767, 772 (9th Cir. 2004).

Here, plaintiff has failed to demonstrate good cause for the failure to effect service of process. The amended complaint in this action was filed on February 15, 2013. The 120 day time period in which to affect service of process has long since passed. While plaintiff generally complains about a cover-up by the CDCR, the court notes that plaintiff has not even provided a first initial for any of these defendants. With such common surnames as Anderson and Lopez, the lack of further identifying information does not render the CDCR's failure to locate these defendants, absent further information from plaintiff, altogether surprising. Nowhere does plaintiff allege that with additional time he will be able to locate further identifying information as to each defendant. Nor has he requested any additional time to do so. As a result, plaintiff has failed to demonstrate good cause why the court should grant him additional time to effect service of process on these defendants. Therefore, the undersigned finds that dismissal without prejudice is warranted in the present case.

Accordingly, IT IS HEREBY RECOMMENDED that defendants Juan, Lopez, Reid, and Anderson be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: August 6, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE