UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>          Plaintiff,<br><br>     v.<br><br>O'BRIAN, et al.,<br><br>          Defendants. | No.  2:11-cv-2317 TLN AC P<br><br><br><br>ORDER |

Plaintiff has filed a motion in which he seeks (1) an extension of time to answer the defendants' first set of discovery, (2) leave to electronically file, (3) service of a subpoena on non-party Folsom State Prison, and (4) appointment of counsel. ECF No. 73 at 4-5. Defendants have not responded.

I.     Motion for Extension of Time

On December 29, 2014, plaintiff filed a motion for extension of time to answer discovery. ECF No. 71.  The court dismissed plaintiff's motion based on the ground that he had not identified the discovery requests he sought the extension of time to answer. ECF No. 72. Plaintiff has now filed another motion seeking an extension of time to respond to discovery. ECF No. 73.

Plaintiff's new motion for extension is nearly identical to his previous motion. He adds that he is seeking an extension to respond to the first set of discovery requests from defendants

1  Hammer, O'Brian, and Reynolds. Id. at 1.  However, plaintiff has not identified when his
2  responses were due, and it appears, but is not clear, that he has already received one extension to
3  respond to these requests (ECF No. 67).  It is also unclear whether the reason plaintiff requires
4  additional time is because he is still attempting to obtain documents from Folsom State Prison.
5  ECF No. 73 at 2-3, 5.

6        Rather than dismissing plaintiff's motion again, the court will direct plaintiff to file a
7  declaration addressing when the responses were originally due, whether these are the same
8  requests he previously received additional time to respond to, and why he needs the extension.
9  Plaintiff is advised that the fact that defendants have been granted several extensions of time to
10 respond to his discovery requests does not establish good cause to grant his request unless the
11 extensions impacted his ability to respond.

12 II.      Motion for Leave to Electronically File

13       Although the Eastern District of California is an electronic management/filing district,
14 unrepresented persons are required to file and serve paper documents unless the assigned District
15 Judge or Magistrate Judge grants leave to utilize electronic filing.  Local Rule 133(a) & (b)(2).  A
16 request to use electronic filing by a pro se party as an exception to the rule may be made as a
17 written motion setting out an explanation of reasons for the requested exception.  Local Rule
18 133(b)(3).

19       Plaintiff's motion sets forth the reasons he is requesting permission to electronically file.
20 ECF No. 73 at 4.  However, the motion does not make clear whether plaintiff is familiar with the
21 requirements applicable to electronic filing in this court or whether he is aware of the hardware
22 and software needed for electronic filing.  Plaintiff will be given an opportunity to file a
23 declaration in support of his motion that addresses whether he is aware of the requirements for
24 electronic filing and whether he has access to the necessary hardware and software.

25 III.     Motion for Subpoena Duces Tecum

26       Plaintiff seeks a court order issuing a subpoena duces tecum and presumably service of
27 the subpoena by the U.S. Marshal upon non-party Folsom State Prison.  ECF No. 73 at 2-3.
28 Plaintiff states that he is asking for "all documentations in regards to the said matter alongside of

1   all grievance forms, request forms any videos made in regards to the situation" and "all video
2   complaints 602 grievances ever filed and what have you not." Id. at 2-3.  The court construes the
3   request as one for a signed subpoena under Federal Rule of Civil Procedure 45.

4       A non-party may be compelled to produce documents for inspection and copying pursuant
5   to a subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a).  In order to obtain documents in this
6   way, plaintiff must fill out subpoena forms and ensure that each person is served with the
7   subpoena by a non-party.  Fed. R. Civ. P. 45(b).  If the person's attendance is required, plaintiff
8   must tender to each person "the fees for one day's attendance and the mileage allowed by law."
9   Fed R. Civ. P. 45(b)(1).  The current requisite fee for each person is forty dollars per day, 28
10  U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis.  See Dixon
11  v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

12      Plaintiff has not submitted a subpoena signed by the Clerk of the Court.  Federal Rule of
13  Civil Procedure 45(a)(3) requires that "[t]he clerk must issue a subpoena, signed but otherwise in
14  blank, to a party who requests it.  That party must complete it before service."  Therefore, at the
15  outset, the Clerk of the Court will be directed to send plaintiff a blank subpoena form.  A
16  subpoena may direct a non-party, pursuant to Federal Rule of Civil Procedure 45, to produce
17  documents or other tangible objects for inspection.

18      Limitations on a subpoena include the relevance of the information sought as well as the
19  burden and expense to the non-party in providing the requested information.  Fed. R. Civ. P. 26,
20  45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification
21  of the documents sought and a showing that the records are obtainable only through the identified
22  third-party.  See, e.g., Davis v. Ramen, 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1
23  (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL
24  148703, at *1 (E.D. Cal. Jan. 14, 2010).  "The Federal Rules of Civil Procedure were not intended
25  to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with
26  a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991); see also, U.S.
27  v. Columbia Broad. Sys., Inc., 666 F.2d 364, 368 (9th Cir. 1982) (court may award costs of
28  compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this

1  Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.

2  Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court."  Austin v. Winett, 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).  In order for the court to consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party, plaintiff must submit to the court a completed subpoena form and the requisite fee.  The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place, and manner for production.  Plaintiff must also show that he has not or cannot receive the documents he seeks by way of discovery propounded upon defendants.  Failure to do so will result in denial of the motion.

Plaintiff's current motion will be denied without prejudice to a motion in the proper form.

IV.   Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most pro se plaintiffs, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances and plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall have ten days from the date this order is filed to file a declaration in

support of his request for an extension of time to submit discovery responses (ECF No. 73). The declaration should address (1) when the responses were originally due, (2) whether these are the same requests he previously received additional time to respond to, and (3) why he needs the extension.

2. Plaintiff shall have ten days from the date this order is filed to file a declaration in support of his request for permission to use the court's electronic filing system (ECF No. 73). The declaration should address whether he is aware of the requirements for electronic filing and whether he has access to the necessary hardware and software.

3. Plaintiff's motion for a subpoena duces tecum (ECF No. 73) is denied without prejudice to a motion in proper form.

4. The Clerk of the Court is directed to provide plaintiff a signed but otherwise blank subpoena duces tecum form with this order. See Fed.R.Civ.P. 45(a)(3).

5. Plaintiff's motion for appointment of counsel (ECF No. 73) is denied.

DATED: March 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE