UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>        Plaintiff,<br><br>    v.<br><br>HAMMER, et al.,<br><br>        Defendants. | No.  2:11-cv-2317 TLN AC P<br><br><br>ORDER |

      Plaintiff is proceeding pro se and in forma pauperis.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

      Plaintiff filed a first amended complaint on February 15, 2013.  ECF No. 25.  On July 11, 2013, the amended complaint was ordered served on numerous defendants, including defendant Howe.  ECF No. 29.  The service order cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed.  Id. at 5.  The summons on Howe was returned unexecuted on December 10, 2013.  ECF No. 41.  The summons was served at "New Folsom" (California State Prison-Sacramento) and was returned with the following remark: "Per fac – former employee – contact info is not current – tried to forward service returned to sender not at this address."  Id.  Plaintiff was ordered to provide additional information to serve defendant Howe or show good cause why he could not provide such information.  ECF No. 42.  Plaintiff returned a summons for defendant

1

Howe (ECF No. 47) and service was re-ordered on March 24, 2014 (ECF No. 48). Process directed to defendant Howe has once again been returned unserved with the explanation "unable to identify." Inspection of the summons reveals that it is nearly identical to the first summons plaintiff submitted and again attempted to serve defendant Howe at "New Folsom," despite the fact that the previous summons had been returned because it could not be executed at that location. ECF No. 91.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: e.g., loss of evidence, dimming of witnesses' memories, financial commitments based on *not* being sued, etc." A. Wallace Tashima & James M. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 5:261 (2015 rev.) (citation omitted, emphasis in original). Plaintiff has already been afforded an opportunity to re-serve defendant Howe and, instead of providing an alternate address for service or showing cause why he could not provide such information, he attempted to re-serve the summons at a location where Howe could not be served.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall show cause in writing within thirty days from the date of this order why defendant Howe should not be dismissed without prejudice for failure to timely effect service of process and failure to follow court orders. Fed. R. Civ. P. 4(m); E.D. Local Rule 110.

DATED: July 12, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2