UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>    Plaintiff,<br><br>    v.<br><br>M.C. HAMMER, et al.,<br><br>    Defendants. | No. 2:11-cv-02317-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to a motion for reconsideration filed by Defendants D. Bauer, M.C. Hammer, J.D. Hanson, D. Leiber, I. O'Brian, C. Reynolds, and J.P. Walker (collectively "Defendants"). (ECF No. 98.) Defendants ask the Court to reconsider its prior Order (ECF No. 21) granting Plaintiff Robert Benyamini's ("Plaintiff") application to proceed with the instant action in forma pauperis ("IFP"). Plaintiff opposes the motion. (ECF No. 104.) The Court has carefully considered the motion and reviewed the record. Defendants' motion is hereby DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a pro se litigant suing under 42 U.S.C. § 1983 for alleged constitutional violations he suffered at the hands of Defendants while in state custody. (First Amended Compl., ECF No. 25.) Plaintiff was a state prisoner when the case was filed, but he has since been released. (*See* Order, ECF No. 24 at 1:25–26.)

1

A nontrivial portion of the instant litigation has concerned Plaintiff's ability to proceed IFP. The Prison Litigation Reform Act limits prisoners' ability to file lawsuits IFP by imposing a three-strikes rule. 28 U.S.C. § 1915(g). A prisoner may not proceed IFP if the prisoner has three or more "strikes" for filing lawsuits while incarcerated that were dismissed for being frivolous, malicious, or for failure to state a claim. *Id. See also Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005). Plaintiff has two clear strikes: (1) *Benyamini v. Anderson*, No. 1:07-cv-01596-OWW-GSA and (2) *Benyamini v. Simpson*, No. 2:08-cv-01552-GEB-DAD. (*See* Findings and Recommendations, ECF No. 12 at 3:8–12; Order, ECF No. 21 at 2:24.) The instant motion primarily concerns whether Plaintiff has a third strike for *Benyamini v. Kretch*, 2:09-cv-00170-GEB-DAD.[1]

Like this case, *Kretch* was a lawsuit brought under § 1983 in which Plaintiff alleged constitutional violations suffered at the hands of correctional officials. (*See* Order, *Benyamini v. Kretch*, No. 2:09-cv-00170-GEB-DAD (E.D. Cal. Jan. 28, 2009), ECF No. 4 at 4:1–6.) In *Kretch*, the Court found during statutory screening that Plaintiff's allegations were "so vague and conclusory" that the Court could not determine whether the action was frivolous or failed to state a claim. *Id.* at 4:9–10. The Court dismissed the complaint under Rule 8(a)(2) of the Federal Rules of Civil Procedure but granted Plaintiff leave to file an amended complaint. *Id.* at 4:11–18. Plaintiff never amended his complaint and *Kretch* was eventually dismissed for failure to prosecute. (Order, *Benyamini v. Kretch*, No. 2:09-cv-00170-GEB-DAD (E.D. Cal. Aug. 25, 2009), ECF No. 19 at 1:20–2:9.)

In the instant case, the issue of Plaintiff's three-strikes status first arose on October 18, 2011, when he filed an application to proceed IFP. (ECF No. 9.) Magistrate Judge Gregory G. Hollows issued Findings and Recommendations, recommending that Plaintiff's motion be denied

---

[1] Defendants ask the Court to take judicial notice of court records for six cases involving Plaintiff: 1) *Benyamini v. Kretch*, No. 2:09-cv-00170-GEB-DAD (E.D. Cal.); 2) *Benyamini v. Ogbeide*, No. 2:10-cv-00101-KJM-DB (E.D. Cal.); 3) *Benyamini v. Byrd*, No. 11-17218 (9th Cir.); 4) *Benyamini v. Manjuano*, No. 1:07-cv-01697-AWI-GSA (E.D. Cal.); 5) *Benyamini v. Mendoza*, No. 2:09-cv-02602-LKK-AC (E.D. Cal.) (*Mendoza I*); and 6) *Benyamini v. Mendoza*, No. 13-15026 (9th Cir.) (*Mendoza II*). (Req. for Judicial Notice, ECF No. 98-2 at 2:8–3:15.) The Court may take judicial notice of facts that are not subject to reasonable dispute, including the Court's own records and other matters of public record. Fed. R. Evid. 201(b); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 119, 119 (9th Cir. 1980). Defendants' request for judicial notice is hereby GRANTED.

because he had three strikes for *Anderson*, *Simpson*, and *Kretch*. (ECF No. 12 at 3:8–4:14.) Upon de novo review of the findings and recommendations, the Court concurred that *Anderson* and *Simpson* were strikes, but concluded that *Kretch* was not a strike because it was dismissed for failure to prosecute rather than for deficiencies in the complaint. (ECF No. 21 at 2:23–3:22.) The Court granted Plaintiff's IFP application.[2] (ECF No. 21 at 7:20–22.)

On October 31, 2013, Defendants filed a motion to revoke Plaintiff's IFP status. (ECF No. 44.) Defendants argued this Court has already recognized Plaintiff as having three strikes in *Benyamini v. Mendoza*, 2:09-cv-02602-LKK-AC (*Mendoza I*). (ECF No. 44-1 at 3:14–21.) In *Mendoza I*, the Court relied on *Ogbeide*'s holding that Plaintiff had accrued three strikes, one of which was for *Kretch*.[3] Defendants cited *Mendoza I* in their motion, but did not discuss *Kretch*. (*See* ECF No. 44-1 at 3:14–21.) Defendants also argued that Plaintiff has a third strike for *Benyamini v. Rivers*, 2:09-cv-00075-JAM-KJM. (ECF No. 44-1 at 4:6–14.) Magistrate Judge Allison Claire issued Findings and Recommendations, finding that Defendants' reliance on *Mendoza I* was misplaced, in part because the Court reconsidered *Ogbeide* — upon which *Mendoza I* relied — after the IFP order issued in *Mendoza I*. (ECF No. 52 at 5:12–6:5.) Magistrate Judge Claire also found that *Rivers* did not constitute a strike. (ECF No. 52 at 4:14–5:9.) The Court adopted the Findings and Recommendations and denied Defendants' motion to revoke Plaintiff's IFP status. (ECF No. 54.)

Defendants filed the instant motion on October 19, 2015. (ECF No. 98.)

II.     **NATURE OF DEFENDANTS' MOTION**

Defendants cast their motion as one to reconsider the Court's September 21, 2012, Order

---

[2] In the same Order (the "Dual Order"), the Court also sua sponte reconsidered its decision in *Benyamini v. Ogbeide*, 2:10-cv-00101-KJM-DB. In *Ogbeide*, the Court initially revoked Plaintiff's IFP status after finding that *Kretch* was Plaintiff's third strike. (*See* ECF No. 21 at 4:14–19.) When Plaintiff failed to pay the filing fee, *Ogbeide* was closed. (ECF No. 21 at 4:20–21.) In the Dual Order, the Court indicated its intention to reopen *Ogbeide* and revisit the determination in that case that *Kretch* was a strike. (ECF No. 21 at 7:9–12.) The Court gave the defendant an opportunity to file objections, which the defendant did. (*See* Def.'s Objections to Order, *Benyamini v. Ogbeide*, No. 2:10-cv-00101-KJM-DB (E.D. Cal. Sept. 26, 2012), ECF No. 60.) The Court has not yet issued a follow-up order reopening the case and resolving the question of Plaintiff's three-strike status in *Ogbeide*.

[3] (Findings and Recommendations, *Benyamini v. Mendoza*, No. 2:09-cv-02602-LKK-AC (E.D. Cal. Apr. 19, 2012), ECF No. 106 at 5:1–9:6; Order Adopting Findings and Recommendations, *Benyamini v. Mendoza*, No. 2:09-cv-02602-LKK-AC (E.D. Cal. Aug. 13, 2012), ECF No. 119.) The IFP order in *Mendoza I* issued roughly a month before the Court sua sponte reconsidered *Ogbeide* in the Dual Order.

3

granting Plaintiff's application to proceed IFP. (*See* ECF No. 98-1 at 1:24–27.) However, styling the motion as such mischaracterizes the proceedings to this point. As discussed *supra*, the Court has already reexamined Plaintiff's IFP status following the September 21, 2012, Order pursuant to Defendants' prior motion, (ECF No. 44). (ECF No. 52; ECF No. 54.) The relief Defendants seek in the instant motion is the same relief Defendants sought then: revocation of Plaintiff's IFP status. Consequently, the Court construes the instant motion as one to reconsider both the September 21, 2012 Order (ECF No. 21) and the June 24, 2014 Order denying Defendants' prior motion to revoke Plaintiff's IFP status (ECF No. 54).

Defendants cite Rule 60(b) of the Federal Rules of Civil Procedure as the basis for their motion, and correctly point out that Rule 60(b) permits the Court "to relieve a party from an order for mistake, inadvertence, newly discovered evidence, or any other reason that justifies relief." (ECF No. 98-1 at 6:23–25.) Defendants' recitation parallels the bases for relief enumerated in Rule 60(b)(1), (2) and (6).[4] But reconsideration under Rule 60(b)(1) and (2) is available only if sought within a year following the order in question. Fed. R. Civ. P. 60(c)(1). The instant motion was filed on October 19, 2015, more than one year after the Court's June 24, 2014 Order, so relief under Rule 60(b)(1) and (2) is not available. *Id.* The only remaining part of Rule 60(b) cited by Defendants is Rule 60(b)(6).

### III.   LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason not otherwise specified in Rule 60(b) that justifies relief. *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088–89 (9th Cir. 2001). Relief under Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). The moving party

---

[4] Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

4

"must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Id.* (quoting *Cmty Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)) (alternation in original). Local Rule 230(j) further requires the moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon [the] prior motion, or what other grounds exist for the motion [for reconsideration]." A Rule 60(b)(6) motion "should not be granted, absent highly unusual circumstances, unless the ... [C]ourt is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (quotation omitted) (emphasis in original).

**IV.    DISCUSSION**

In their motion, Defendants offer several reasons why the Court should reconsider its prior Order and revoke Plaintiff's IFP status. All but two of Defendants' arguments could have been raised earlier in the litigation because they were available at the time Defendants filed their prior motion. A motion for reconsideration is not the proper vehicle to raise those arguments for the first time and the Court does not consider them.[5] *Marlyn Neutraceuticals*, 571 F.3d at 880. The two remaining arguments concern whether *Kretch* should be counted as Plaintiff's third strike in light of two Ninth Circuit decisions rendered since the time Defendants filed their prior motion.

A.    *Knapp v. Hogan*

Defendants argue that the Court should "reassess *Kretch* as a strike because there has been an intervening change in law" following the Ninth Circuit's decision in *Knapp v. Hogan*, 738 F.3d 1106 (9th Cir. 2013). (ECF No. 98-1 at 8:18–22.) In *Knapp*, the Ninth Circuit held that "*repeated and knowing* violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain

---

[5]    Defendants provide virtually no justification for why many of their arguments were not raised in their prior motion, except by intimating that their previous counsel simply did not know to make them. (*See* ECF No. 98-1 at 7:1–3.) That does not excuse the fact that the arguments could have been made, but were not. *Cf. Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) ("An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6).").

statement' requirement are strikes as 'fail[ures] to state a claim' when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp*, 738 F.3d at 1108–09 (citation omitted) (alteration in original) (emphasis added). In *Knapp*, the plaintiff's prior cases — the disputed strikes — "were dismissed because [he], *after having been given numerous chances to perfect his pleadings*, 'fail[ed] to state a claim.'" *Id.* at 1111 (alteration in original) (emphasis added).

*Knapp* does not control the Court's analysis of *Kretch*. In *Kretch*, Plaintiff filed a complaint, which was dismissed at screening because it did not comply with Rule 8(a). (*See* Order, *Benyamini v. Kretch*, No. 2:09-cv-00170-GEB-DAD (E.D. Cal. Jan. 28, 2009), ECF No. 4 at 4:9–11.) However, Plaintiff did not continually assail the Court with incomprehensible filings that were dismissed each time — unlike the plaintiff in *Knapp*, who did just that. In *Kretch* there was nothing repeated or knowing about Plaintiff's one-time failure to comply with Rule 8(a). Therefore, *Knapp* is not an "intervening change in the *controlling* law." *Marlyn Nutraceuticals*, 571 F.3d at 880 (emphasis added).

B. *Mendoza II*

Defendants also argue that the Ninth Circuit confirmed *Kretch* was a strike in *Benyamini v. Mendoza*, 584 Fed. App'x 606, 606 (9th Cir. 2014) (*Mendoza II*), which affirmed the Court's three-strikes holding in *Mendoza I*. (ECF No. 98-1 at 8:7–15.) But *Mendoza II* does not stand for such an unequivocal proposition. In *Mendoza II*, the Ninth Circuit held that the Court did not abuse its discretion by revoking Plaintiff's IFP status because he had three strikes. *Mendoza II*, 584 Fed. App'x at 606. *Mendoza II* does not mandate the converse conclusion — namely, that the Court would have abused its discretion by not revoking Plaintiff's IFP status. Thus, *Mendoza II* is not "an intervening change in the *controlling* law." *Marlyn Nutraceuticals*, 571 F.3d at 880 (emphasis added). Moreover, *Mendoza II* was an appeal from *Mendoza I*, which in turn derived its three-strikes holding from *Ogbeide*.[6] But in the Dual Order, which issued before *Mendoza II* was decided, the Court in *Ogbeide* reasoned that *Kretch* was not a strike after all. (Order,

---

[6] *See Mendoza II*, 584 Fed. App'x at 606; Findings and Recommendations, *Benyamini v. Mendoza*, No. 2:09-cv-02602-LKK-AC (E.D. Cal. Apr. 19, 2012), ECF No. 106 at 5:1–9:6; Order, *Benyamini v. Mendoza*, No. 2:09-cv-02602-LKK-AC (E.D. Cal. Aug. 13, 2012), ECF No. 119.

*Benyamini v. Ogbeide*, No. 2:10-cv-00101-KJM-DB (E.D. Cal. Sept. 21, 2012), ECF No. 59 at 3:23–7:12.)  Given that history, and the standard of review discussed *supra*, *Mendoza II* does not persuade the Court that it "committed clear error" in its prior Orders.  *Marlyn Nutraceuticals*, 571 F.3d at 880.  In short, the standard for reconsideration is not met here.

## V.  CONCLUSION

The high standard for reconsideration is fatal to Defendants' motion.  Defendants raised several arguments in the instant motion that they should have raised in their prior motion to revoke Plaintiff's IFP status.  Those arguments may (or may not) have merit, but they are not properly before the Court.  Defendants' remaining arguments, relying on *Knapp* and *Mendoza II*, do not meet the showing required for reconsideration.  For the foregoing reasons, Defendants' motion is hereby DENIED.

IT IS SO ORDERED.

Dated: January 10, 2017

Troy L. Nunley
United States District Judge