UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O'BRIAN, et al.,<br><br>　　　　　Defendants. | No. 2:11-cv-2317 TLN AC P<br><br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion to compel discovery responses (ECF No. 109), which plaintiff opposes (ECF No. 110). As the following procedural history reflects, this case has progressed very little over a long period of time. This order provides for prompt conclusion of outstanding discovery so that the case can move to the dispositive motions stage as soon as possible.

I.　　Procedural History

By order filed July 28, 2014, the court set the initial schedule for discovery in this case. ECF No. 58. Discovery requests were to be served no later than November 7, 2014, with responses due forty-five days after service. Id. at 4-5. The parties were permitted to conduct discovery until January 6, 2015, and any motions to compel were to be filed by that date. Id. at 5.

Plaintiff requested a thirty-day extension of his time to respond to defendants' discovery

1

requests (ECF No. 65) and the request was granted (ECF No. 67). Because the extension resulted in plaintiff's discovery responses being due on December 31, 2014, defendants requested that the scheduling order be modified to extend the close of discovery by forty-five days so that there would be time to conduct plaintiff's deposition after his discovery responses were received. ECF No. 70. Before the court ruled on defendants' motion, plaintiff filed another request for extension, this time seeking an additional sixty days to respond to defendants' discovery requests. ECF No. 71. On January 20, 2015, the court granted defendants' motion to modify the scheduling order and extended the deadline for completing discovery and filing motions to compel to April 6, 2015. ECF No. 72. Plaintiff's motion for extension was denied without prejudice because he failed to identify the discovery requests that he required additional time to answer. Id.

On January 26, 2015, plaintiff renewed his request for a sixty-day extension of time to respond to defendants' discovery requests. ECF No. 73. The renewed motion was also defective and plaintiff was given an opportunity to supplement the motion. ECF No. 76. Plaintiff's request for an extension was ultimately granted and he was given until May 8, 2015, to respond to defendants' requests for discovery. ECF No. 80 at 3-4. He was warned that no further extensions would be granted absent a showing of extraordinary cause. Id.

While plaintiff's motion for extension was pending, defendants filed a motion for summary judgment on the ground that plaintiff had failed to exhaust his administrative remedies (ECF No. 74) and a motion to modify the scheduling order (ECF No. 77). The motion to modify the scheduling order was granted and the discovery and pretrial motion deadlines were vacated, to be re-set as necessary after resolution of the motion for summary judgment. ECF No. 80 at 4. Although the discovery deadline was vacated, plaintiff was explicitly advised that he was still required to respond to the outstanding discovery requests within thirty days. Id.

After the undersigned recommended denying defendants' motion for summary judgment, defendants filed a motion for reconsideration of a previous order denying their motion to revoke plaintiff's in forma pauperis status. ECF No. 98. The district judge assigned to this case ultimately adopted the findings and recommendation to deny the motion for summary judgment

2

1  (ECF No. 106) and also denied the motion for reconsideration (ECF No. 107).  After defendants'
2  motions were resolved, the undersigned entered a discovery and scheduling order which re-
3  opened discovery "for the limited purpose of allowing defendants to take plaintiff's deposition
4  and for the parties to file any motions necessary to compel discovery" and set a deadline for
5  merit-based motions for summary judgment.  ECF No. 108 at 2.  Discovery was set to close on
6  February 27, 2017, with merit-based motions for summary judgment due by April 28, 2017.  Id.
7  Defendants filed the instant motion to compel on January 27, 2017, and requested that the
8  discovery and dispositive motion deadlines be vacated pending resolution of the discovery
9  dispute.  ECF No. 109.  The request to vacate the summary-judgment motion deadline was
10 granted while the request to vacate the discovery deadline was not.  ECF No. 112.

    II.    Plaintiff's Claims

    This case proceeds on the first amended complaint.  ECF No. 25.  On screening, the court found that the complaint stated claims (1) under the Eighth amendment for denial of outdoor exercise against defendants Hammer, Walker, O'Brian, Lieber, Reynolds, Bauer, and Hanson; (2) under the First Amendment for retaliation against defendant O'Brian; and (3) under the Fourteenth Amendment for racial discrimination against defendant Hammer.  ECF No. 27 at 1-2. Specifically, plaintiff alleges that between July 30, 2007, and September 2, 2007, he was placed in administrative segregation at California State Prison (CSP)-Sacramento.  ECF No. 25 at 3. While in administrative segregation, defendants Bauer, Hanson, Leiber, Hammer, O'Brian, Reynolds, and Walker denied him outdoor exercise even though he is claustrophobic which led to his mental state deteriorating.  Id. at 3-4.  Defendant O'Brian purportedly retaliated against him by refusing to process his grievances because he had previously filed a lawsuit against a lieutenant whose last name was also O'Brian.  Id. at 4.  Finally, defendant Hammer targeted plaintiff because of his racial identity.  Id. at 5.

    III.   Motion to Compel

    The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

this scope of discovery need not be admissible in evidence to be discoverable." Id. The purpose of discovery is to make "trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)), and "to narrow and clarify" the issues in dispute, Hickman, 329 U.S. at 501.

Where a party fails to answer an interrogatory under Rule 33 or produce documents requested under Rule 34, the party seeking discovery may move to compel responses and for the imposition of sanctions. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv), (d)(1)(A)(ii). A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In order for the court to award a party its reasonable expenses in bringing a motion to compel, the movant must have "attempt[ed] in good faith to obtain the . . . discovery without court action" before filing the motion. Fed. R. Civ. P. 37(a)(5)(A).

Although the parties were not required to comply with Local Rule 251 in dealing with discovery disputes, they were still required to comply with Federal Rule of Civil Procedure 37, which requires a good faith effort to confer prior to seeking court intervention. ECF No. 58 at 5. Counsel for defendants received a letter from plaintiff on April 21, 2015, prior to the expiration of his deadline to respond to discovery, in which he stated that he did not understand which discovery requests he had not responded to. ECF No. 109 at 12, 163-64. The letter also invited counsel to call if there were any questions. Id. at 163-64. However, counsel did not respond to the letter until six months later, on October 20, 2015, at which time she "attempted to meet and confer with Benyamini by letter concerning his failure to respond to the officials' discovery requests." Id. at 12, 16-17. This appears to be the last contact between the parties regarding discovery until defendants filed their motion to compel on January 27, 2017.

There is no evidence that counsel ever attempted to speak with plaintiff directly, either by phone or in person, regarding his failure to respond to discovery requests. The court cannot find that a single letter advising that plaintiff failed to respond to discovery constitutes a good faith effort to confer prior to seeking court intervention, especially in light of the fact that plaintiff is no

4

longer incarcerated. See Compass Bank v. Shamgochian, 287 F.R.D. 397, 399-400 (S.D. Tex. 2012) (collecting cases) ("Based on the foregoing case law, Plaintiff's single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant would seem to be inadequate, as it does not equate to a good faith conferral or attempt to confer"). Furthermore, a letter does not constitute "meeting and conferring" with plaintiff. Meeting and conferring implies a discussion between the parties during which they attempt to come to some resolution of the issue, not a unilateral statement of a party's position. While parties may be held to less stringent standards for meeting and conferring when one party is incarcerated, plaintiff has been out of custody since 2012 (ECF No. 22) and there is no explanation for counsel's apparent failure to try and have an actual discussion with plaintiff about his failure to respond. In spite of defendants' failure to make a good faith effort to resolve the dispute before filing their motion to compel, the court will still consider the motion because of plaintiff's near complete failure to respond to discovery, despite the court's generous extensions of time for him to do so. However, defendants' request for partial reimbursement of their expenses will be denied.

Defendants move to compel responses to their requests for interrogatories and production, which were served on October 10, 2014. ECF No. 109 at 1. They also ask that the court find that plaintiff has waived any objections to the requests. Id. Defendants assert that plaintiff has not provided any responses to their interrogatory requests and that to the extent the documents he has provided were intended to be responsive to their requests for production, they were not identified as responsive documents, there was no indication as to which requests they were intended to be responsive, and they were handwritten copies, rather than photocopies. ECF No. 109 at 5.

Plaintiff argues that defendants' motion is an untimely objection to the discovery and scheduling order filed January 13, 2017, and should therefore be denied. ECF No. 110 at 2-4. He also contends that defendants are attempting to shorten the discovery deadline. Id. at 4-5. He argues that discovery closed on February 20, 2015, and the motion is untimely because defendants were required to bring their motion to compel by the close of discovery. Id. at 5. Finally, plaintiff asserts that he produced all documents in his possession and that the copies he

provided were proper responses to the discovery requests. Id. at 6.

It is unclear why plaintiff believes defendants' motion to compel is an objection to the January 13, 2017 discovery and scheduling order. A possible explanation is that plaintiff is interpreting defendants' request that the discovery and dispositive motion deadlines be vacated as an objection to the order. This request does not constitute an objection to the order, has already been addressed (ECF No. 112), and therefore does not warrant denial of the motion.

Plaintiff also argues that defendants' motion to compel must be denied because it is untimely. This claim is without merit. As outlined above, defendants timely moved to extend or vacate each of the previous discovery deadlines and discovery ultimately closed on February 27, 2017. ECF No. 112. Defendants filed their motion on January 27, 2017, a full month before the expiration of the deadline. ECF No. 109. Therefore their motion was timely filed. As for plaintiff's claim that defendants are trying to impermissibly shorten the discovery deadline, it is not clear to what he is referring, though it appears that he may be referring to defendants' request that he be ordered to respond to their discovery requests within two weeks. If he is referring to his time to respond to discovery requests, then the argument is equally meritless. The discovery requests were served on October 10, 2014. ECF No. 109 at 18-130. After moving to extend the time to respond, plaintiff was given a final deadline of May 8, 2015, by which to serve his responses. ECF No. 80 at 4. He was explicitly warned that no further extensions would be granted absent extraordinary cause and that he was still required to serve his responses even though the discovery deadline was being vacated. Id. Plaintiff has had more than sufficient time to provide his responses and there has been no shortening of that time.

As to the sufficiency of plaintiff's responses, he states that he "provided copies of his mail log and journal in which it had made entries about content of the allegations in which are in question and therefore qualified as responses to defendant's discoveries." ECF No. 110 at 6. He does not dispute that he failed to identify the documents he produced as responsive documents and failed to provide any written responses or objections. To the extent plaintiff's production of unlabeled documents to defendants can be considered a response to their discovery requests, the responses are deficient. Plaintiff cannot simply produce a stack of documents to defendants,

without identifying them in any way as responsive, and then leave defendants to guess at which documents are intended to be responsive to which requests. Defendants' motion to compel will therefore be granted.

The time for responding to the discovery requests has long since passed and plaintiff is deemed to have waived any objections to the requests and will be required to provide responses that comply with the following instructions. He is warned that failure to comply with this order and provide complete responses to defendants' discovery requests will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.

When responding to the discovery requests, plaintiff must provide a written answer to each interrogatory request. Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must . . . be answered separately and fully in writing under oath."). Each answer must specifically identify the interrogatory to which it responds. While plaintiff may refer to documents in his responses, he must specifically identify the documents to which he is referring.

As for the requests for production, plaintiff must provide photocopies, not handwritten copies, of all documents in his possession or control that are responsive to the requests. This includes photocopies of his journals and logs if they are responsive. Any responsive documents that are not produced will be excluded from evidence. Furthermore, plaintiff must provide a written response to each request for production. The written response must specifically identify which documents are responsive to the request. If documents that plaintiff received from defendants are responsive to defendants' requests, plaintiff does not need to provide copies of those documents to defendants, but he must specifically identify them as responsive in his written responses.

IV. Plain Language Summary of This Order for a Pro Se Litigant

Defendants' motion to compel is not untimely and will be granted. You must provide written answers to each interrogatory request and request for production. The responses to the requests for production must specifically identify which documents are responsive to the request. You must also provide photocopies of the documents you produce, not handwritten copies. If you

7

do not provide responses to defendants' discovery requests, you will be subject to sanctions. Defendants' request that you be required to reimburse them for some of their expenses will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 109) is GRANTED. Within fourteen days of service of this order, plaintiff must provide responses to defendants' requests for discovery, as set forth above.

2. Defendants' request for their expenses (ECF No. 109) is denied.

3. Defendants shall have thirty days from service of this order to bring any motion for sanctions under Federal Rule of Civil Procedure 37(b) based upon plaintiff's failure to comply with this order.

SO ORDERED.

DATED: September 5, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE