UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:11-cv-2317 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| O'BRIAN, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

By order filed September 6, 2017, the undersigned granted defendants' motion to compel and ordered plaintiff to provide responses to their discovery requests within fourteen days. ECF No. 114. Defendants had thirty days from service of the order to file a motion for sanctions if plaintiff failed to comply with the discovery order. Id. at 8. Defendants have now filed a motion for terminating sanctions (ECF No. 121), to which plaintiff has not responded.[1]

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."

---

[1] Plaintiff filed a motion for a "lengthy extension of time" to oppose the motion for sanctions. ECF No. 122. Because he failed to identify the length of the extension he wanted or demonstrate good cause, plaintiff was granted a seven-day extension and advised that he could file another motion for extension. ECF No. 123. Plaintiff did not seek a further extension of his deadline.

1

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The subparts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Id. (footnote citations omitted).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since August 2011, and plaintiff shows little interest in complying with this court's discovery orders or fulfilling his discovery obligations. As set forth in the court's September 6, 2017 order, defendants served their discovery requests on plaintiff on October 10, 2014, and, after requesting extensions of time, plaintiff was given a final deadline of May 8, 2015, to submit his responses. ECF No. 114 at 6. He was warned that there would be no further extensions of time, absent extraordinary circumstances, and that he was still required to respond to the requests by May 8, 2015, even though the discovery deadline was otherwise vacated. Id. (citing ECF No. 80).

////

However, despite the ample time he was provided, plaintiff failed to provide any responses,[2] and according to defendants' motion he has now failed to comply with the court's order compelling his responses. ECF No. 121-1 at 5-6. Plaintiff has not provided any explanation for these failures and apparently has no intention of fulfilling his obligations as directed. Counsel has provided a declaration in which she states that she spoke with plaintiff for approximately thirty minutes in an attempt to secure his responses without court intervention and his response was "that he was 'too busy' to provide his responses anytime within the next 60 days" and that she should "'go ahead' with this motion." See id. at 14, ¶ 4.

Furthermore, the court's record shows that instead of responding to discovery as ordered, plaintiff filed two lengthy motions for an extension of time to move for reconsideration of the discovery order, and an even longer motion for extension of time to oppose the motion for sanctions. ECF Nos. 115, 118, 122. However, while the motions did state that plaintiff had injured one of his hands, their length belied any alleged impairment of his ability to draft documents. Moreover, the motions failed to explain how the injury justified an extension of time when plaintiff has previously represented that he uses a voice-to-text program for drafting. Id. Additionally, rather than explaining why he needed the extensions, plaintiff's motions were devoted almost entirely to addressing the alleged violations of his constitutional rights while he was in prison, his belief that this case has been "over litigated," the liberal pleading standard for pro se litigants, the general fact that he is in school, and his financial hardships. Id. Plaintiff's actions demonstrate his lack of interest in complying with court orders and fulfilling his discovery obligations.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone, 833 F.2d at 131). The risk of prejudice

---

[2] The court previously found that although plaintiff did apparently send defendants some documents that he appeared to intend to be responsive, they were unlabeled and unaccompanied by any kind of explanation as to which requests they were responsive to, making the documents deficient as responses. ECF No. 114 at 6-7.

is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff has not provided the court with any explanation for his lack of compliance, though he apparently advised defendants' counsel that he believed the motion to compel was untimely, despite the court's explicit finding that it was not, and that "he was 'too busy' to provide his responses anytime within the next 60 days, in part because he was going to 'dig out paperwork' that supports his contentions and file a Judicial Complaint." ECF No. 121-1 at 14, ¶ 4. The court finds that plaintiff's unjustified failure to participate in discovery constitutes a willful and bad faith disregard for the discovery process and this court's orders. Furthermore, plaintiff's failure to respond to discovery requests substantially hinders defendants' ability to investigate and defend against his allegations, particularly in light of the time that has passed since the information was first requested.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the court finds that there are no other, lesser sanctions that would be satisfactory or effective. Plaintiff was initially provided more than sufficient time to respond to the discovery requests and warned that he would not be provided with further extensions. ECF No. 80. In granting the motion to compel, the court warned plaintiff that his failure to comply would result in sanctions that could range all the way up to dismissal of this case depending on the degree of his non-compliance (ECF No. 114 at 7), and plaintiff has not made any attempt to comply with the order. The court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132-133; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). Given the ample time plaintiff has had to provide discovery responses, his complete disregard for this court's order, and his failure to explain his non-compliance, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's willful behavior. Exclusionary sanctions would likely be ineffective, as plaintiff would still be able to testify to information contained in any documents that he has withheld and the court would have no practical way of excluding such testimony. Furthermore, given plaintiff's in forma pauperis

status and numerous assertions of continued financial hardship, he would likely be unable to pay any monetary sanctions, making them of little use.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend granting defendants' motion.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for terminating sanctions (ECF No. 121) be granted and this action be dismissed for failure to comply with a court order. See Fed. R. Civ. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2017.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE